IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN R. KIBE, GG4811, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 2:11-cv-703 |
| | ) | |
| PA.BOARD OF PROBATION AND PAROLE, | ) | |
| et al., | ) | |
|     Respondents. | ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Glenn R. Kibe for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists that a certificate of appealability be denied.

II. Report:

Glenn R. Kibe, an inmate at the State Correctional Institution-Forest, has presented a petition for a writ of habeas corpus. Kibe is presently serving a six to twelve year sentence imposed following his conviction upon a plea of guilty to charges of aggravated assault with a deadly weapon, terroristic threats and recklessly endangering another at No. CR-02-CR-2813-2004 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on July 18, 2005.[1] It is not this conviction which the petitioner seeks to challenge here, but rather the actions of the Pennsylvania Board of Probation and Parole ("the Board") in denying his parole applications.

Appended to its answer, the Commonwealth has submitted the declaration of Kimberly Barkley who is currently the Secretary of the Board. In her declaration Barkley recites that on July 18, 2005, a six to twelve year sentence was imposed reflecting a minimum sentence expiration date of July 14, 2009 and a maximum sentence expiration date of July 14, 2015[2]; that following an interview on April 7, 2009, the Board determined that the petitioner be denied

---

[1] See: Petition at ¶¶ 1-6 and the answer to the petition.
[2] See: The declaration of Kimberly Barkley, Attachment 1.

release as a result of his need to participate in additional institutional programs, the negative recommended of the Department of Corrections; his failure to demonstrate motivation for success; his minimization/denial of the offenses and the negative recommendation of the prosecuting attorney[3]; at a hearing held on June 15, 2010 petitioner was again denied release as a result of his failure to demonstrate motivation for success; his minimization/denial of the offenses; his refusal to accept responsibility for the offenses and the negative recommendation of the prosecuting attorney[4]; at a hearing held on April 12, 2011, parole was again denied due to petitioner's minimization of the nature and circumstances of the offenses committed and his lack of remorse[5]. The petitioner, relying on the holdings in Greenholtz v. Nebraska Penal Inmates, 442 U.S.1 (1979) now comes before this Court challenging this latest parole denial.[6]

It is provided in 28 U.S.C. §2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of Federal law, as determined by the Supreme Court of the United States…

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable*

---

[3] Id. at Attachment 2.
[4] Id. at Attachment 3.
[5] Id. at Attachment 4.
[6] See: Petition at ¶13.

> *application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).[7]

In Greenholtz supra. the Court observed that Due Process is implicated in the deprivation of a person's liberty or property. However, the Court went on to explain that unlike a revocation decision which results in loss of liberty, the decision to release an already incarcerated individual "turns on a 'discretionary assessment of a multiplicity of imponderables, entailing primarily what a man is and what he may become rather simply what he has done' (citation omitted)… That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." 442 U.S. at 10-11.

The present matter can be resolved on the grounds that the petitioner was not denied due process when his parole was denied. The relevant Pennsylvania statute, 61 P.S. §331.21 does not create a mandatory expectation of release but rather has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's past conduct both inside and

---

[7] The petitioner argues that there is no basis for imposition of the exhaustion requirement since under Pennsylvania case law there is no manner in which he could challenge the decision of the Board. While neither agreeing nor disagreement with this premise, we move on to the merits since it clearly appears that Kibe is not entitled to any relief here.

outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." As discussed above, the petitioner has failed to demonstration any arbitrariness or capriciousness in the Board's determination but rather the record reflects that in fulfilling its charge the Board concluded that the petitioner was not a suitable candidate for parole for the reasons set forth. Indeed, the mandate of the Board is that parole *may* be granted where the best interests of the inmate justify release and it does not appear that the Commonwealth's interests would be injured by such release. 61 Pa.C.S.A. §6137(a)(1).

Thus because there is no showing that the denial of release on parole was made in any manner contrary to federal law as determined by the Supreme Court, Kibe is not entitled to relief here. Accordingly, it is recommended that the petition of Glenn R. Kibe for a writ of habeas corpus be denied and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

                                              Respectfully submitted,
                                              s/ Robert C. Mitchell
Filed: September 15, 2011                  United States Magistrate Judge