IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENN R. KIBE, )
    Petitioner, )
)
vs. ) Civil Action No. 11-703
)
PA BOARD OF PROBATION AND )
PAROLE, et al., )
    Respondents. )

O R D E R

On May 26, 2011, the petitioner, Glenn R. Kibe, submitted his petition for writ of habeas corpus, which was docketed after he submitted his filing fee on June 6, 2011 (ECF No. 5). On September 15, 2011, Magistrate Judge Mitchell filed a Report and Recommendation (ECF No. 15), which recommended that the petition be dismissed and that a certificate of appealability be denied. On October 11, 2011, the petitioner filed objections to the Report and Recommendation (ECF No. 17).

The Report and Recommendation concluded that the petitioner was not denied due process when his parole was denied because, under Pennsylvania law, parole is not a matter of right and does not create a federally protected liberty interest. In addition, the denial of parole was not based on some arbitrary basis such as race, religion, political beliefs or frivolous criteria with no rational relationship to the purpose of parole.

In his objections, the petitioner argues that the respondents' answer to his petition should be deemed waived for failing to address and answer the allegations and grounds raised in his petition and memorandum of law in support. He contends that he was denied a fair parole

hearing and an opportunity to be heard because the Pennsylvania Board of Probation and Parole (the "Board") asked one question (if he was taking any medication) and when he responded yes, the Board ended the hearing and denied his request for parole.

Petitioner's objections are without merit.  First, the respondents did not commit any waiver in their answer; rather, they argued that the petitioner did not demonstrate that he suffered a deprivation of a federally protected liberty interest.

Second, his claim that he was denied due process at his parole hearing is without merit. "To establish a procedural due process claim in connection with a prison disciplinary hearing, an inmate must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing." Clark v. Dannheim, 590 F. Supp. 2d 426, 429 (W.D.N.Y. 2008).  In this case, the petitioner was denied parole  "after an interview and review of [his file]." (ECF No. 10-1, at 11). The denial was based upon his minimization of the nature and circumstances of the offenses committed and his lack of remorse, not based on his answer to the question about taking medication.  Thus, he failed to demonstrate that he suffered prejudice as a result of the alleged procedural insufficiency of the parole hearing.  The issue of parole will be reviewed on or before March 2012 and petitioner was advised that the Board will consider at that time "[w]hether [he has] maintained a favorable recommendation for parole from the Department of Corrections [and] whether [he has] maintained a clear conduct report" (Id.)

AND NOW, this 22nd day of November, 2011,

IT IS HERBEY ORDERED that the petition for a writ of habeas corpus filed by petitioner Glenn R. Kibe (ECF No. 5) is dismissed and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3 of the Federal Rules of Appellate Procedure.

The Report and Recommendation filed by Magistrate Judge Mitchell on September 15, 2011 (ECF No. 15) is adopted as the opinion of the court, as supplemented herein.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Glenn R. Kibe
GG-4811
SCI Forest
P.O. Box 945
Marianville, PA 16239